THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY B. OGBURN, Appellant.— Appeal by defendant from a judgment of the County Court, Dutchess County, rendered February 28, 1968 on resentence, convicting him of grand larceny in the first degree and petit larceny, upon a jury verdict, and sentencing him to concurrent terms of 8 to 10 years on the grand larceny count, as a first offender, and 11 months and 27 days on the petit larceny count. Judgment modified, on the law, to the extent of eliding the sentence on the grand larceny count and remanding the case to the County Court for resentencing on that count in accordance herewith. No findings of fact with respect to the sentence on the grand larceny count have been affirmed. Under sections 1295 and 2189 of the Penal Law, the sentence imposed on the grand larceny count was illegal in that, under the facts of this case, the minimum of defendant's sentence for grand larceny, as a first offender, could not properly exceed five years. Defendant must be resentenced in accordance with these provisions of the Penal Law. Beldock, P. J., Christ, Brennan, Rabin, and Hopkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTONIO QUILES, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 26, 1968, convicting him of robbery in the third degree, upon a guilty plea, and sentencing him to an indeterminate prison term of one year and four months to four years. Judgment modified, on the law and facts, by reducing the sentence to the term of one to four years. As so modified, judgment affirmed. An examination of the record reveals a clear promise on the part of the court to impose a sentence commensurate with a conviction for a class E felony. The promised sentence of one to four years was legally within the permissible limits for conviction of the class D felony to which defendant had pleaded guilty; and defendant was entitled to receive the minimum sentence promised by the court. Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DALLAS TAYLOR, Appellant.— In a coram nobis proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated April 21, 1966, which denied the application. Order reversed, on the law, and proceeding remitted to said court for a new hearing before a Justice other than the Justice who presided at defendant's trial which resulted in the judgment of conviction in question. The findings of fact below have not been considered. In our opinion, appellant's testimony at the hearing was improperly restricted on the question of his alleged intoxication at the time he made the statement (cf. People v. Schompert, 19 N Y 2d 300, 305) and his attorney was improperly restricted in eliciting testimony regarding a possible stenographic record of questioning by an Assistant District Attorney shortly after the challenged statement was allegedly made (cf. People v. Robles, 29 A D 2d 751). We do not pass on the other errors assigned since a new hearing is to be held, but we note in passing that, if any issue is to be raised as to appellant's present mental condition, it should be determined before a hearing on the merits begins (cf. People v. Harrison, 28 A D 2d 1097). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.